United States District Court
Southern District of Texas
**ENTERED**
October 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO  FIGUEROA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:16-CV-18 |
| | § | |
| JIM  KAELIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING CONSTRUED MOTION FOR RELIEF FROM FINAL JUDGMENT

On January 14, 2016, Plaintiff filed this lawsuit against the Nueces County Sheriff and Nueces County Jail officials (D.E. 1).  At the time the lawsuit was filed, Plaintiff was not in custody.  He appeared for his *in forma pauperis* (*ifp*) hearing February 3, 2016.  At the time Plaintiff was granted *ifp* status, he was advised of his responsibility to prepare summons forms and forward the forms and a copy of the complaint to the United States Marshal (D.E. 6).  While Plaintiff claims that he forwarded a copy of the complaint to the Clerk, he failed to indicate that he properly filled out the summons forms and submitted the summons and complaint to the United States Marshal.  Plaintiff was also told that he must keep the Court advised of his mailing address.  Plaintiff failed to comply with any of these directives, he failed to respond to the show cause order, and his complaint was dismissed without prejudice on August 26, 2016 (D.E. 10, 11).

On October 17, 2016, Plaintiff, now in custody, filed a motion to reinstate his complaint (D.E. 13).

1 / 3

## <u>Applicable Law</u>

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury,* 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, final judgment was entered August; therefore the motion will be construed as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).

Rule 60(b), Federal Rules of Civil Procedure, states in pertinent part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b). Final judgments should not be lightly disturbed. *In re Marinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). For reasons one, two, or three above, the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1).

Plaintiff has failed to cite any authority for re-instating his complaint.  Being homeless is not authority to re-instate the complaint.  Plaintiff could have contacted the Clerk for the status of his complaint, he could have requested extensions of the 90-day requirement, and he could have advised the court where he could receive mail.  He did none of those things.

In any event, Plaintiff is now in custody and his lawsuit is subject to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, 1915A, so it would be inappropriate to reinstate his complaint at this time.  Plaintiff's motion (D.E. 13) is denied.

The dismissal was without prejudice, however.  Plaintiff is free to re-file his lawsuit subject to the statute of limitations and the PLRA.  The Clerk shall mail to Plaintiff the the appropriate forms for filing a new civil rights lawsuit.

ORDERED this 28th day of October, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE